**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1267
_____

PABLO SANDOVAL,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency No. A93-494-697)
Immigration Judge: Denise A. Hinds Roach
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 4, 2025

Before: CHAGARES, *Chief Judge*, FREEMAN and BOVE, *Circuit Judges*

(Opinion filed: December 16, 2025)

_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Pablo Sandoval petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the denial of his motion to reopen his removal proceedings. For the reasons that follow, we will deny the petition.

**I**

Sandoval is a native and citizen of Mexico. He entered the United States without authorization in 1999, and in 2008 the Department of Homeland Security charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Sandoval conceded the charge and later applied for cancellation of removal ("COR"). To qualify for that relief, he had to show (among other things) that he had been a person of good moral character during the ten years immediately preceding his application, *id.* § 1229b(b)(1)(A)–(B), and that his removal would result in exceptional and extremely unusual hardship to a qualifying relative who is a United States citizen or lawful permanent resident, *id.* § 1229b(b)(1)(D).

Sandoval updated his COR application in 2021. In response to a question about any arrests or convictions, he listed a 2009 conviction for forgery. Elsewhere in the application, he provided information about his family, which included three qualifying relatives for purposes of the hardship determination: his U.S.-citizen children G.S.B. (born in 2011), A.S.B. (born in 2014), and B.S.B. (born in 2015).

During a 2021 hearing before an Immigration Judge ("IJ"), Sandoval testified that he and his children live with his partner—the children's mother—who has no legal status in this country. He detailed A.S.B.'s documented medical and educational concerns: she is asthmatic, has a learning disability, and is subject to an individualized education

2

program at her school. He testified that, if he were removed, the children would remain with their mother, who would be unable to afford the family's expenses of about $2,000 per month. He acknowledged that the children would continue to receive Medicaid and that A.S.B. would continue to receive services for her learning disability at school.

After Sandoval testified about his 2009 forgery conviction, the government questioned him about a 2007 arrest that did not appear on his COR application. Sandoval admitted to that arrest for receiving stolen property and theft by unlawful taking, and he testified that he forgot to include it on his COR application. The government also asked Sandoval how he could afford the family's expenses when the tax returns he submitted for 2015 to 2020 showed he earned roughly $7,000–$9,000 per year. Sandoval replied that he covered the expenses with work he got paid for in cash.

The IJ determined that Sandoval did not demonstrate good moral character or the requisite hardship to qualifying relatives, so the IJ denied the COR application and ordered Sandoval returned to Mexico.

Regarding moral character, the IJ noted that members of Sandoval's community hold him in high regard; but the IJ also found that Sandoval essentially admitted to not paying taxes on his cash wages. And although Sandoval's 2009 conviction and 2007 arrest were quite old, the IJ found that Sandoval still exhibited a lack of veracity, as demonstrated by his deceiving the IRS and omitting his 2007 arrest from his COR application.

Regarding the hardship inquiry, the IJ found that Sandoval's children would continue to receive Medicaid and educational support if Sandoval were removed, there

3

was no evidence that the children's mother could not work, and Sandoval's non-credible testimony about his income made it impossible to determine how much income the family would miss if Sandoval were removed. Based on these findings, the IJ determined that the hardship to the children would not be exceptional and extremely unusual.

Sandoval appealed the IJ's decision to the BIA, which adopted the IJ's decision and dismissed the appeal.

Sandoval timely filed a motion to reopen proceedings to reapply for COR based on additional evidence of good moral character and hardship to his children. In support of his motion, he submitted materials including evidence that he had two additional U.S.-citizen children born in 2022 and 2024; information about A.S.B.'s medical and educational issues; and his 2021 and 2023 tax returns, which show higher earnings than the returns he submitted previously.

The BIA denied the motion, concluding that Sandoval did not demonstrate a reasonable likelihood that he would satisfy the COR requirements if proceedings were reopened. It explained that Sandoval's 2021 and 2023 tax returns did not undermine the finding that he deceived the IRS between 2015 and 2020. It noted that Sandoval's evidence showed A.S.B.'s asthma is controlled and she is improving in school. Moreover, the BIA stated that the birth of two new qualifying relatives, without more, did not make it likely that Sandoval could satisfy the hardship standard. Sandoval timely petitioned for review of the BIA's decision denying the motion to reopen.

**II**[1]

We review the BIA's denial of a motion to reopen proceedings for abuse of discretion. *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021). Under that standard, we will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." *Id.*

To qualify for reopening, an applicant must make a prima facie showing that he is eligible for the relief he sought in the underlying proceeding. *Id.* at 160. That is, he must produce objective evidence showing a reasonable likelihood that he is entitled that relief. *Id.* at 160–61. But the BIA may deny a motion to reopen even if the movant has made the prima facie showing. *Id.* at 160 (citing 8 C.F.R. § 1003.2(a)).

Here, the BIA determined that Sandoval did not make a prima facie showing of eligibility for COR because he could not satisfy the hardship standard or the good-moral-character requirement. Its ruling was well within its discretion.

The hardship standard requires a showing "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 142 (3d Cir. 2025) (cleaned up).[2] The BIA considered and appraised the evidence Sandoval presented, *see Sevoian v. Ashcroft*, 290

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a). *See Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021).

[2] Even when a petitioner challenges the agency's hardship determination (which Sandoval does not do here), we review the determination for substantial evidence. *Wilkinson*, 131 F.4th at 142.

F.3d 166, 177 (3d Cir. 2002), and it provided reasonable explanations for why it deemed that evidence insufficient to meet the standard.[3]

The BIA's ruling about the good-moral-character requirement was also sound, as Sandoval's 2021 and 2023 tax returns do not affect the IJ's finding that he deceived the IRS earlier in the statutory period.

\*   \*   \*

For the foregoing reasons, we will deny the petition for review.

---

[3] Sandoval argues that the BIA mischaracterized the evidence of how A.S.B. is doing in school. But Sandoval does not dispute that A.S.B. will continue to receive educational services in the United States if Sandoval is removed.